Battle, J.
 

 The defect which the lessors of the plaintiff admit that there is in their chain of title, their counsel contend is supplied by the testimony of the witnesses Martin, Lilly and Knight, aided by the 4th section of the Act of 1830, chap. 68, entitled. “ An Act for the relief of such persons as may suffer from the destruction of the records of Hertford county, occasioned by the burning of the court house and clerk’s office of said county,” the provisions of which were, by the Act of 1844,
 
 *91
 
 chap. 53, extended to the county of Montgomery, whose court house had then been recently burnt also.
 

 We have given to the' arguments of the counsel all the consideration in our power, without being able to come to the conclusion to which they have endeavored to bring us. If we admit every thing else for which they contend, there remains still a total want of proof as to the boundaries of the deed which they seek to establish. Two of the witnesses only, to wit, Lilly and Knight, profess to have any recollection of the contents of the deed, and they both say, expressly and distinctly, that they do not remember the boundaries set forth in it. They say they remember the names of certain rivers and creeks, and of certain men, but in what connection they occur they cannot recollect. Surely, no Court on earth, could tell a jury
 
 what
 
 were the boundaries of such a deed, and it is very certain that no jury coiild find
 
 where
 
 they were from such a description. Nor is the defect aided in the least by the section of the Act to which the counsel refer. That section provides, “ that any person likely to be injured by the loss of his deed in the fire which consumed the court house, and who shall be desirous of establishing the same, shall proceed, after giving-thirty days notice to all parties whose lands may join in any manner, the land, the metes and boundaries of which are about to be established, to take the testimony of one or more credible witnesses, and to call upon a proeessioner or other lawful surveyor, to go upon the land and ascertain the metes and boundaries and the number of poles, contained in each line; and such proeessioner or surveyor is hereby required to file a certificate and plat of said land in the next succeeding County Court, setting forth the name of the claimant, on what water courses the land lies, what is the number of acres, the corners and the number of poles in each line; and such certificate and plat shall be recorded by the clerk, and shall, as to the parties who have had notice of such survey, have the same faith, validity and effect, as the original deed would have had.” Then follows a proviso as to what shall be done in case aline is disputed ; and the next succeeding section provides what shall
 
 *92
 
 be done when the correctness of the copy of the deed which is to be established, is called into question.
 

 We are at a loss to conceive how the lessors of the plaintiff can avail themselves of the benefit of these sections without acting in accordance with their i-eqnisitions. But even supposing that they can, and by the spirit of the Act, they are allowed to proceed upon less testimony, in proving their lost deed, than would be required of them under other cicuinstan-ces, still, they must furnish the Court and jury with
 
 some
 
 evidence of the boundaries of the land described in their deed. One of the witnesses testified that he
 
 “
 
 did not remember the boundaries named in it; he recollected that it contained several large tracts of land in the western part of Montgomery; that Long Creek, Bear Creek, Mountain Creek, Ugly Creek, and Rocky River, were mentioned in it in some connection, as to which he was unable to say.” The other witness stated that “in it (i. e. the deed) Long Creek, Bear Creek, Mountain Creek, Ugly Creek and Rocky River were named, as well as the lands of Barney Dunn, George Whitley and Udy, but did not recollect in what connection; that he did not remember the boundaries of the land set forth in the deed, nor the description thereof, nor in what direction the lines of the survey run, nor their length, nor anything relating to their boundary ; nor did he remember the precise quantity of the land specified.”
 

 These are the only witnesses who profess to testify as to the description of the land contained in the deed, and we feel ourselves bound to say that they furnish no evidence of what the boundaries were, and this total defect of testimony is not aided in the least by any recitals in the wills of either Carson or Dr. Thornton. On that account alone, the Judge was justified in telling the jury that the lessors of the plaintiff were not entitled to recover.
 

 Judgment affirmed.
 

 Pee CueiaM.